**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AaRone Fowler and Ronald Hall, | No. CV-20-00267-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| James Blanco and Ronald Sborz, | |
| Defendants. | |

Plaintiffs AaRone Fowler and Ronald Hall accuse Defendants James Blanco and Ronald Sborz, who are police officers with the Phoenix Police Department, of using unconstitutionally excessive force against them in violation of 42 U.S.C. § 1983. (Doc. 1.) Defendants move for summary judgment on all claims. (Doc. 67.) The Court held oral argument on March 10, 2022. For the following reasons, Defendants' motion is denied.

**I.   Summary Judgment Standard**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact[.]" Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit," and a fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986). Courts in the Ninth Circuit grant summary judgment "sparingly" in excessive force cases because the "inquiry nearly always requires a jury to sift through disputed factual

contentions, and to draw inferences therefrom." *Glenn v. Washington Cnty.*, 673 F.3d. 864, 871 (9th Cir. 2011) (internal quotation omitted).

## II. Factual Background

Three police officers, including Defendants, responded to an incident at approximately 3:00 a.m. outside of an apartment complex upon 911 calls from two different residents of the complex, Michael Dunn and Brenda Stewart. (Doc. 70 at 5.) Dunn first called 911 to report hearing arguing outside of his apartment. (Defendants' Non-Electronic Exhibit ("DNE Ex.") 2.) Dunn called a second time to report that the arguing had escalated, that he heard one party threaten to kill another, and that he potentially heard someone say they had a knife. (*Id.*) Stewart also reported hearing arguing outside of her apartment. (DNE Ex. 3.) Neither identified Plaintiffs specifically as the men arguing; rather, they reported hearing arguing, and Dunn reported that it came from the vehicle Plaintiffs were in. (DNE Ex. 2-3.) Dunn informed the officers that he consumed alcohol several hours before the incident. (DNE Ex. 2.)

No body-worn camera captured the incident, and from here the parties' stories diverge significantly.

Defendants' version is as follows: Hall was arguing with Dunn when officers arrived; Officer Sborz instructed Hall to sit by his patrol vehicle; Officer Sborz asked Fowler for his identification, which he initially did not provide; Fowler presented his identification card after Officer Sborz saw it in his bag; Officer Sborz saw Hall walking away; Fowler followed Hall; Defendants asked who owned the vehicle parked in front of the apartment complex and received no answer; Defendants informed Plaintiffs the vehicle would be impounded; Hall told Defendants not to touch his vehicle and started walking towards them; dispatch advised that the vehicle was reported as stolen; attempting to handcuff Fowler, Officer Blanco placed Fowler on the ground; Officer Sborz tried to help handcuff Fowler; Fowler resisted; Defendants told Fowler to stop resisting; Hall aggressively approached; fearing that Hall would attack, Officer Sborz took him to the ground; the third officer handcuffed Hall; and Defendants, with Dunn's help, eventually

handcuffed Fowler. (Doc. 67 at 2-4.) Defendants' use of force expert opined that Defendants' "response to report of a physical fight and threats of using a knife and killing someone was consistent with the generally accepted police training and practices." (Doc. 67-9 at 21.)

In contrast, Plaintiffs' account is as follows: Dunn was yelling racial epithets at Hall; Officer Sborz arrived on scene and instructed Hall to stand in front of his patrol vehicle; Hall complied; Officer Sborz spoke with Dunn to calm him down; Plaintiffs provided their identification cards when asked; Defendants told Plaintiffs they could leave; Plaintiffs walked away; Plaintiffs heard officers banging on their vehicle and informed officers it was Fowler's vehicle; Officer Blanco then charged at Fowler; Defendants grabbed Fowler's arms and threw him on his face; Officer Blanco positioned himself on top of Fowler and rubbed Fowler's face into the ground while Officer Sborz held down Fowler's back and legs; Defendants told Fowler to stop resisting; Fowler was not resisting and told Defendants he was not; Hall yelled at Defendants to not kill Fowler; Defendants charged at Hall and took him to the ground; Defendants eventually handcuffed Plaintiffs; and Defendants misinformed Plaintiffs that the incident was recorded on body-worn cameras. (Doc. 70 at 5-7.)

### III. Analysis

To state a § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution or the laws of the United States and must show that the alleged violation was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiffs allege that Defendants, acting within the scope of their duties as police officers, used excessive force during the incident in violation of Plaintiffs' Fourth and Fourteenth Amendment rights. Defendants argue that they are entitled to summary judgment because no reasonable jury could find their force was unreasonable. (Doc. 67 at 9.) Alternatively, Defendants argue they are entitled to qualified immunity. (*Id.* at 9-10.)

#### A. Excessive Force

Claims for excessive force are analyzed under an objective reasonableness standard.

*Graham v. Connor*, 490 U.S. 386, 388 (1989). Reasonableness is "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight[.]" *Id.* at 396. The Court must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Id.* (internal quotation omitted). This assessment "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* The Court can make this determination on summary judgment only where the material facts are undisputed and reasonable inferences can be drawn only one way.

As noted, the parties dispute almost all of the facts relevant to the reasonableness inquiry. Defendants nonetheless argue that summary judgment is appropriate for two reasons: (1) Plaintiffs' affidavits cannot create genuine dispute of fact because they are self-serving and (2) even if accepted, Plaintiffs' affidavits cannot permit a reasonable jury to return a verdict in their favor because the statements contained therein contradict all other evidence in the record. The Court addresses each in turn.

Defendants' first argument fails; though Plaintiffs' affidavits are self-serving, they still create an issue of fact because they are based on personal knowledge and are not conclusory. "That an affidavit is self-serving bears on its credibility, not on its cognizability for purposes of establishing a genuine issue of material fact. If the affidavit states only conclusions . . . then it would be too conclusory to be cognizable." *United States v. Shumway*, 199 F.3d 1093, 1104 (9th Cir. 1999). Plaintiffs have personal knowledge of the information contained in their affidavits because they were present and involved in the incident. Moreover, Plaintiffs' averments are not mere conclusions; they aver specific facts to support their claim that Defendants used excessive force.

As to Defendants' second argument, the story Plaintiffs tell in their affidavits contradicts the other evidence in the record, including statements of two eyewitnesses, Dunn and Stewart, who corroborated parts of Defendants' story. But, because the incident

was not recorded on body-worn camera, it is impossible to determine what happened without making a credibility call. Further, Dunn admits he consumed alcohol at some point before the incident, and there is evidence that Dunn might have been motivated to lie because of a dispute between him and Hall. This, candidly, is a closer call, but mindful that summary judgment in excessive force cases should be granted sparingly, the Court concludes that a reasonable jury could choose to credit Plaintiffs' testimony and resolve these factual disputes in their favor.[1] Thus, Plaintiffs' excessive force claims present triable issues of fact.

### B. Qualified Immunity

Officers are entitled to qualified immunity "unless a plaintiff establishes that: (1) the official violated a constitutional right; and (2) that right was clearly established at the time of the challenged conduct, such that every reasonable official would have understood that what he is doing violates that right." *Morales v. Fry*, 873 F.3d 817, 821 (9th Cir. 2017) (internal quotation and citation omitted). Because an officer is subject to suit only when both conditions are met, the Court has "discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012) (internal quotation and citation omitted).

Assuming a constitutional violation, Defendants argue that it was not clearly established at the time that their conduct crossed the line. The conduct Defendants analyze, however, is based on their own version of events. Given the factual disputes, Defendants are entitled to summary judgment only if they can show that qualified immunity attaches even under the facts viewed most favorably to Plaintiffs. But Defendants do not make this argument. Rather, Defendants reject Plaintiffs' version of the facts and end their analysis without considering the constitutionality of their force under it. Because the parties genuinely dispute the nature of the challenged conduct, and because Defendants make no

---

[1] Defendants also note that their police practices expert—the only one in this case—opined that Defendants did not use unreasonable force. But Defendants' expert relied on Defendants' version of the facts to render this opinion; he did not opine that, if the facts are as Plaintiffs allege them to be, Defendants use of force still would have been reasonable.

argument that they are entitled to qualified immunity under Plaintiffs' version of events, Defendants have not shown that summary judgment is warranted.

**IT IS ORDERED** that Defendants' motion for summary judgment (Doc. 67) is **DENIED.**

**IT IS FURTHER ORDERED** that the parties appear for a telephonic trial scheduling conference before Judge Douglas L. Rayes on **April 21, 2022, at 2:00 p.m**. Call-in instructions will be provided via separate email.

Dated this 14th day of April, 2022.

Douglas L. Rayes
United States District Judge